UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSUALDO CORREA-MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN STATE PRISON, *et al.*,<br><br>Defendants. | Civ. Action No. 21-10599 (JXN)(LDW)<br><br>**OPINION** |

<u>**NEALS**</u>, District Judge

Before the Court is *pro se* Plaintiff Osualdo Correa-Martinez's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  The Court has screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a) to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit.  For reasons stated in this Opinion, the Court will dismiss the Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim.

**I. BACKGROUND**

The Court construes the allegations in the Complaint as true for the purposes of this Opinion.  Plaintiff names the following parties as Defendants in this matter: (1) Northern State Prison; (2) Ms. Gonzalez; (3) Mr. Perry; and (4) Officer Umana.

Plaintiff contends that Defendants violated his "right to d[ue] process when they denied [him] appeal rights."  (ECF No. 1 at 4.)  In support of this claim, Plaintiff alleges the following:

> When [Plaintiff] got the write up from Off[icer] Umana, Ms. Gonzalez from Court Line come to see [him] with Mr. Perry, from [the] law library, as [his] paralegal. Ms. Gonzales [found] [him] guilty without giv[ing] [him] a break to give her [his] statement and Mr. Perry agreed with it.
>
> N.S.P. [Northern State Prison] was the place of the incident. Ms. Gonzalez from Court Line [and] Mr. Perry from law library (paralegal) denied [him] the paper work to appeal her decision. Officer Umana write [him] up with [zero] authority to do it, because h[e] is not a doctor and they never call a code 53 so the doctor can see me [and] reaffirm the write up from Officer Umana.

(*Id*. at 4-5.) Plaintiff seeks monetary damages. (*Id*. at 6.)

## II. STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, however, a complaint must satisfy Federal Rule of Civil Procedure 8, which states that a complaint must contain:

> (a) A pleading that states a claim for relief must contain[:] (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). "Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

**III. DISCUSSION**

    **A. Failure to Comply with Rule 8**

With the foregoing principles in mind, the Court finds that the Complaint fails to comply with Federal Rule of Civil Procedure 8. Even liberally construing the Complaint, the Court is unable to discern with sufficient clarity Plaintiff's claims against each Defendant. Moreover, the Complaint fails to provide fair notice of the grounds on which he intends to rest his claims.

The only potential claim the Court can glean is that Plaintiff believes his due process rights were violated in the disciplinary process. Plaintiff does not provide adequate detail, however, of the actual basis for the disciplinary write up. Additionally, Plaintiff fails to provide facts to describe the disciplinary process that resulted in finding him "guilty" or the consequences of being found "guilty." Further, Plaintiff has not plead facts that show he was entitled to the protections of the Due Process Clause.[1]

As a result, the Complaint in its current form "would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Koehler*, 2019 WL 1231679, at *3; *see Twombly*, 550 U.S. at 555. Accordingly, the Court will dismiss without prejudice Plaintiff's Complaint for failure to state a claim upon which relief may be granted and for failure to comply with Fed. R. Civ. P. 8.

---

[1] The Court notes that convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments prohibiting deprivation of life, liberty, or property without due process of law. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Haines v. Kerner*, 404 U.S. 519 (1972); *Wilwording v. Swenson*, 404 U.S. 249 (1971). Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed .... In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Wolff*, 418 U.S. at 556. The right to procedural Due Process attaches only where the plaintiff is deprived of a legally cognizable liberty interest. *Huertas v. Sec'y Pennsylvania Dep't of Corr.*, 533 F. App'x. 64, 66 (3d Cir. 2013). The Supreme Court has held that, in the context of a prison disciplinary hearing, a prisoner will only have a cognizable liberty interest in the outcome of a prison disciplinary hearing where the punishment he receives "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

B. Persons Amendable to Suit under Section 1983

Even if the Complaint did comply with Fed. R. Civ. P. 8, Plaintiff's claims against Northern State Prison fail because this Defendant is not a "person" subject to liability under Section 1983. As explained below, the Court will dismiss with prejudice any claim against Northern State Prison.

Section 1983 imposes liability on "[e]very *person* who, under color of [State law] . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added). To be liable under Section 1983, therefore, a defendant must be a "person." *See id.* It is well-established that state prisons and state agencies such as Northern State Prison are not "persons" subject to liability under Section 1983. *See Williams v. SCO*, No. 15-5609, 2015 WL 5110913, at *2 (D.N.J. Aug. 31, 2015) ("Northern State Prison is not a 'person' for purposes of § 1983 litigation.")

The Court, therefore, will dismiss Plaintiff's Section 1983 claims against Northern State Prison with prejudice for failure to state a claim, as a state prison is not a "person" subject to liability under Section 1983. *See Williams*, 2015 WL 5110913, at *2.

IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's claims against Northern State Prison for failure to state a claim. The Court will dismiss the remainder of the Complaint without prejudice for failure to comply with Fed. R. Civ. P. 8. The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

HONORABLE JULIEN XAVIER NEALS
United States District Judge

5